UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. KRAUSE,<br><br>　　　　　Defendant. | No.  2:17-cv-1426 WBS DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this court is plaintiff's first amended complaint ("FAC").  (ECF No. 23).  For the reasons stated below, the court shall order that the FAC be served on defendant T. Krause.

I.   **PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's FAC alleges that on January 30, 2016, while he was housed at High Desert State Prison, Correctional Officer T. Krause deployed an expulsion grenade at his cell door.[1] (See ECF No. 23 at 3).  As a result, plaintiff was exposed to a chemical agent from head to foot. (See id. at 3).

---

[1]  Plaintiff states that he was not a part of the incident that led to defendant Krause firing the expulsion grenade that landed at the door of his cell.  (See ECF No. 23 at 3).

1

Thereafter, plaintiff was removed from his cell and taken to medical. (See ECF No. 23 at 3). Plaintiff alleges, however, that when he asked defendant Krause for a shower, clean linens, and a cell decontamination, defendant Krause denied his requests, stating that he first had to complete the report regarding the incident that led to the use of the grenade. (See id. at 3).

Because defendant Krause denied the requests, plaintiff contends that he was not given a shower until four or five hours after the incident, and he was not given clean linens for five days. (See ECF No. 23 at 3). As a result, during that period, plaintiff "continued to burn" from exposure to the chemical agent. (See generally id. at 4, 8).

Plaintiff contends that defendant Krause's failure to give him a shower, clean linens and cleaning supplies so that he could decontaminate his cell within timely periods constituted a violation of his Eighth Amendment right to be free from deliberate indifference to serious medical need and to be free from cruel and unusual punishment. (See ECF No. 23 at 3-4). He seeks $200,000.00 in damages for the pain and suffering caused by the chemical agent and defendant Krause's initial inaction. (See generally id. at 6).

## II. DISCUSSION

### A. Deliberate Indifference Claim

Plaintiff has stated a cognizable Eighth Amendment claim of deliberate indifference to his serious medical needs against defendant Krause. Plaintiff's allegations against Krause, if proven, are sufficiently serious and constitutes a threshold showing of "the denial of the minimal civilized measure of life's necessities." See Farmer v. Brennan, 511 U.S. 824, 834 (1994). Similarly, Krause's alleged failure to give plaintiff clean linens and decontaminate his cell of the chemical agent. Additionally, defendant Krause's alleged failure to respond to plaintiff's pain and medical need in a timely manner, constitutes a sufficiently culpable state of mind and one of deliberate indifference to plaintiff's health and safety. See id. at 834.

For these reasons, plaintiff has raised a viable Eighth Amendment deliberate indifference claim against defendant Krause. As a result, under separate order, defendant Krause will be directed to respond to it.

////

### B. Cruel and Unusual Punishment Claim

As for plaintiff's cruel and unusual punishment claim, once again, plaintiff has not succeeded in presenting a viable argument to the court. First, plaintiff does not assert that defendant Krause acted maliciously and with sadistic intent when he launched the expulsion grenade. (See generally ECF No. 23 at 1-6). This type of intent must be alleged to state a cognizable cruel and unusual punishment claim. See generally Whitley v. Albers, 475 U.S. 312, 319, 320-21 (1986) (stating wanton, malicious and sadistic intent requirements to establish cognizable cruel and unusual punishment claim).

In addition, as plaintiff admits, defendant Krause's launch of the expulsion grenade was done to diffuse what was presumably a volatile prison incident that was occurring in proximity to plaintiff's cell. (See generally ECF No. 23 at 3). The fact that the chemical grenade landed at plaintiff's cell door after defendant Krause had launched it, and that plaintiff was subsequently covered from head to toe with chemical agent as a result (see generally id. at 3, 8) is truly unfortunate. However, when attempting to restore order to a cellblock, errors that prison authorities make when doing so are entitled to deference and are not prohibited by the Cruel and Unusual Punishments Clause. See generally Whitley, 475 U.S. at 319 (stating good faith error not conduct prohibited by Cruel and Unusual Punishment Clause); see also Bell v. Wolfish, 441 U.S. 520, 547 (1979) (stating prison administrators entitled to deference in execution of practices needed to preserve internal order and institutional security).

In light of the above, plaintiff's Eighth Amendment cruel and unusual punishment argument fails to state a claim. Furthermore, given that this is the second time plaintiff has raised this specific claim unsuccessfully, it appears that providing him with a third opportunity to present it would be an exercise in futility. Therefore, plaintiff will not be afforded the opportunity to do so. See Hartmann v. California Dep't of Corr. and Rehabilitation, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Instead, plaintiff will be permitted to proceed solely on his Eighth Amendment deliberate indifference claim against defendant Krause.

////

3

Accordingly, IT IS HEREBY ORDERED that:

1. In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), service of the first amended complaint (ECF No. 23) and the cognizable claim therein on defendant T. Krause, a correctional officer at High Desert State Prison, is appropriate, and

2. If defendant T. Krause either waives service or is personally served, he is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2). Dated:  December 7, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/robe1426.scrn.fac