1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WAYNE JEROME ROBERTSON,              No.  2:17-cv-1426 WBS DB P

12             Plaintiff,

13         v.                              ORDER

14    T. KRAUSE,

15             Defendant.

16

17         Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested

18    appointment of counsel.  (ECF No. 24).  In support of the motion, plaintiff points, in relevant part,

19    to limited prison law library access due to the pandemic; his inability to pay for a private attorney,

20    and the destruction of his legal exhibits and supporting documents by the California Department

21    of Corrections and Rehabilitation.[1]  (See id. at 1).

22         The United States Supreme Court has ruled that district courts lack authority to require

23    counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

24    U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

25    ////

26

---

27    [1]  Plaintiff has provided documents which indicate that in September 2019, while housed at Mule
     Creek State Prison, R&R gave him two boxes of property which had water damage.  (See ECF
28    No. 24 at 6).  Plaintiff appealed to be reimbursed for his property losses.  (See id. at 3-7).

1

1   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

2   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

3        The test for exceptional circumstances requires the court to evaluate the plaintiff's

4   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

5   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

6   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances

7   common to most prisoners, such as lack of legal education and limited law library access, do not

8   establish exceptional circumstances that would warrant a request for voluntary assistance of

9   counsel.

10       The fact that the current pandemic has limited plaintiff's access to the prison law library is

11  not persuasive.  Many prisoners are similarly situated at this time, and plaintiff has provided

12  neither facts nor evidence which suggest that his limited access is somehow exceptional.  (See

13  generally ECF No. 24).  The damage to plaintiff's legal documents is also not persuasive.  This is

14  because it appears that despite the damage that occurred in September 2019 (see ECF No. 24 at

15  6), plaintiff was able to file a first amended complaint in this court two months later (see

16  generally ECF No. 23).  At that time, plaintiff made no mention of any damage or destruction of

17  any legal documents of his that are relevant to this action.  (See generally id.).  Finally, the fact

18  that plaintiff is indigent and cannot afford to pay for counsel is not persuasive, either.  See, e.g.,

19  Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding court was within its discretion

20  when it denied appointment of counsel to sixty-year-old appellant proceeding in forma pauperis

21  with no background in law who thoroughly presented issues in petition).  For these reasons, the

22  court does not find the required exceptional circumstances.

23       Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of

24  counsel (ECF No. 24) is DENIED.

25  Dated:  December 9, 2020

26

27  DLB:13
    DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/robe1426.31

28
    DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

2