UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE JEROME ROBERTSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>T. KRAUSE,<br><br>　　　　Defendant. | No.  2:17-cv-01426 WBS DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  Plaintiff claims defendant T. Krause was deliberately indifferent to plaintiff's medical needs in violation of his Eighth Amendment rights.  Currently pending before the court is defendant's motion for summary judgment for plaintiff's failure to exhaust his available administrative remedies.  (ECF No. 48.)  Plaintiff filed an opposition to that motion (ECF No. 49) and defendant filed a reply (ECF No. 50).  Plaintiff subsequently filed a sur-reply.  (ECF No. 51.)

　　　　For the reasons stated below, the undersigned will recommend that defendant's motion for summary judgment (ECF No. 48) be granted.

////

////

////

////

**BACKGROUND**

I.  **Procedural History**

This action proceeds on plaintiff's First Amended Complaint ("FAC") filed November 18, 2019.  (ECF No. 23.)  On December 3, 2020, the court screened plaintiff's FAC and found that it stated a cognizable Eighth Amendment deliberate indifference claim against defendant T. Krause.  (ECF No. 25.)  The court found the FAC did not contain any other cognizable claims against defendant Krause or any other defendant.  (Id.)  Following waiver of service by defendant, this action was referred to the court's Alternative Dispute Resolution program for a settlement conference.  (ECF No. 35.)  The case did not settle.  (See ECF No. 41.)  On October 1, 2021, defendant filed answer.  (ECF No. 43.)  The court issued a discovery scheduling order on October 5, 2021.  (ECF No. 47.)

Defendant has since filed the present motion for summary judgment.  (ECF No. 58.)  Plaintiff filed opposition to that motion (ECF No. 49) and defendant filed a reply to plaintiff's opposition (ECF No. 50).  Plaintiff submitted an additional, unauthorized sur-reply.  (ECF No. 51.)

II.  **Allegations in the Complaint**

In the FAC, plaintiff alleges the following:  At all times relevant to the complaint, plaintiff was housed at High Desert State Prison ("HDSP").  (ECF No. 23 at 1.)  On January 30, 2016, defendant deployed an expulsion grenade next to plaintiff's cell door.  (Id. at 3.)  Plaintiff was "exposed to a chemical agent from head to foot" and removed from his cell to be taken to medical.  (Id.)  "Plaintiff was not given a shower until 4 or 5 hours later, was not allowed to decontaminate, nor given clean linens for five days."  (Id.)  Plaintiff asked defendant for a shower, decontamination of his cell, and clean linens but defendant denied the request stating, "I have to complete my report of the incident of January 30, 2016."  (Id.)

Plaintiff claims that as a result of defendant denying his request, he was unable to decontaminate his cell and "continued to burn for five days…."  (Id. at 4.)  Plaintiff argues that defendant's denial amounts to deliberate indifference to plaintiff's serious medical needs in violation of his Eighth Amendment rights.  (Id.)

2

**MOTION FOR SUMMARY JUDGMENT**

Defendant argues that their motion for summary judgment should be granted because plaintiff failed to exhaust administrative remedies for plaintiff's claim. (ECF No. 48 at 4.) Defendant contends that, while plaintiff did submit a grievance following the January 30, 2016 incident, plaintiff did not complain that defendant denied him decontamination in that grievance and subsequent appeals. (Id.) Defendant argues that, as plaintiff failed to raise this issue at each level of review, plaintiff failed to satisfy the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"). (Id.)

In his opposition, plaintiff argues that he complied with the PLRA by exhausting administrative remedies at all levels and raising concerns at all levels "that defendant T. Krause failed to comply with CDCR policy pretaining [sic] to decontamination procedure…." (ECF No. 49 at 1.) As evidence of exhaustion, plaintiff largely focuses on CDCR's determination, in response to plaintiff's grievances and appeals, that defendant did not violate institutional policy. (See Id. at 3, 6.)

Defendant filed a reply in which he reiterates that plaintiff's grievance and appeals do not contain a factual allegation that plaintiff was refused decontamination or defendant Krause's involvement with plaintiff's lack of decontamination. (ECF No. 50 at 3.) Defendant also argues that plaintiff's references to violation of California Department of Corrections and Rehabilitation ("CDCR") policy do not refer to defendant's duty to provide decontamination and fails to put the prison on notice. (Id.)

Finally, plaintiff submitted a sur-reply in response to defendant's reply.[1] (ECF No. 51.) In the sur-reply, plaintiff restates many of the same points raised in his opposition. He reaffirms that he believes he exhausted administrative remedies by informing the prison "that defendant as well as the prison failed to follow institutional and CDCR policy." (Id. at 2.)

---

[1] The Local Rules and the Federal Rules of Civil Procedure do not permit parties to file a sur-reply without first obtaining leave of the court to do so. See L.R. 230; Fed. R. Civ. P. 27. Plaintiff did not receive permission from the court to file a sur-reply in response to defendant's reply. However, in light of plaintiff's pro-se status, the court has reviewed and considered plaintiff's sur-reply.

I.      **Legal Standard - Exhaustion**

   **A. Prison Litigation Reform Act**

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the PLRA, 42 U.S.C. § 1997e(a).  The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and alteration in original) (citing Booth v. Churner, 532 U.S. 731, 736 (2001)).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones."  Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original).  In discussing availability in Ross the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  Id. at 1859-60.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special

////

1  circumstances.'" Id. at 1856. "[M]andatory exhaustion statutes like the PLRA establish
2  mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.
3      "[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S.
4  199, 216 (2007). It is the defendant's burden "to prove that there was an available administrative
5  remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th
6  Cir. 1996)). The burden then "shifts to the prisoner to come forward with evidence showing that
7  there is something in his particular case that made the existing and generally available
8  administrative remedies unavailable to him." Id.
9      A prisoner is required to exhaust administrative remedies before filing suit. McKinney v.
10  Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium). Section 1997e(a) mandates that "[n]o
11  action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted. 42
12  U.S.C. § 1997e(a). "The 'available' 'remed[y]' must be 'exhausted' before a complaint under §
13  1983 may be entertained." Booth, 532 U.S. at 738. "Exhaustion subsequent to the filing of suit
14  will not suffice." McKinney, 311 F.3d at 1199.
15      **B. California Regulations Governing Exhaustion of Administrative Remedies**
16      "The California prison system's requirements 'define the boundaries of proper
17  exhaustion.'" Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting Jones, 549 U.S.
18  at 218). In order to exhaust, the prisoner is required to complete the administrative review
19  process in accordance with all applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 90
20  (2006). In 2016, the time relevant for exhaustion purposes, California regulations allowed a
21  prisoner to "appeal" any action or inaction by prison staff that has "a material adverse effect upon
22  his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a) (2016).[2] The appeal
23  process was initiated by the inmate's filing a "Form 602" the "Inmate/Parolee Appeal Form," "to
24  describe the specific issue under appeal and the relief requested." Id. § 3084.2(a). At the time of
25  plaintiff's grievances, "[t]he California prison grievance system ha[d] three levels of review: an
26  inmate exhaust[ed] administrative remedies by obtaining a decision at each level." Reyes v.

27
28  [2] All citations to the California Code of Regulations refer to the 2016 version of the code as that is the portion relevant to this action.

1  Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b); Harvey v.
2  Jordan, 605 F.3d 681, 683 (9th Cir. 2010)).

3  **II.    Discussion**

4  It is uncontested that plaintiff filed a grievance in connection with the January 30, 2016
5  incident and that he filed two subsequent inmate appeals.  (ECF No. 48 at 1-2; ECF No. 49 at 6-
6  7.)  Both parties include as exhibits plaintiff's initial grievance as well as his requests for first
7  level and second level appeal responses.  (ECF No. 48-2 at 9-12, 26-27; ECF No. 49 at 9-11.)
8  Both parties also provide as exhibits the first, second, and third level responses that were given to
9  plaintiff.  (ECF No. 48-2 at 18-25; ECF No. 49 at 16-19.)

10  **A. Initial Grievance**

11  In reviewing plaintiff's initial grievance, it appears clear it did not provide sufficient
12  notice of plaintiff's claims.  The grievance raised a number of concerns regarding the January 30,
13  2016 incident.  (See ECF No. 48-2 at 9, 11; ECF No. 49 at 9-10.)  These do include complaints
14  about the lack of decontamination showers and the fact that prisoners should "be allowed to
15  decontaminate before being placed inside the program office holding cages."  (ECF No. 48-2 at
16  11; ECF No. 49 at 10.)  Plaintiff also requests an investigation into "why this prison is not in
17  compliance with…CDCR policy concerning decontamination."  (Id.)  However, plaintiff fails to
18  describe any actions taken by defendant Krause in failing to provide decontamination to plaintiff.
19  Instead, plaintiff's complaints about defendant Krause focus on the original usage of the
20  expulsion grenade.

21  In order to fully exhaust administrative remedies an appeal must put prison officials on
22  notice of the claim.  Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) ("A grievance suffices
23  to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner
24  seeks redress.").  The regulations in place at the time required the inmate to "describe [the staff
25  member's] involvement in the issue."  Cal. Code Regs. tit. 15, § 3084.2(a)(3).  Viewed in the
26  light most favorable to the plaintiff, his initial grievance does not provide any description of
27  defendant Krause's involvement in the denial of decontamination to plaintiff.  The complaints
28  raised in the grievance instead focus almost entirely on the prison's policies and procedures on

1    decontamination.  At no point does plaintiff connect any action by defendant Krause to a denial of
2    plaintiff's ability clean himself and his cell. (ECF No. 48-2 at 11; ECF No. 49 at 10.)  In fact,
3    plaintiff does not appear to even address that plaintiff was allegedly denied access to a shower or
4    cleaning supplies/linens at all.  (See ECF No. 48-2 at 9, 11; ECF No. 49 at 9-10.)  Plaintiff's
5    broad claims regarding prison policy, as well as the prison eventually finding that defendant
6    Krause did not violate CDCR policy, as not sufficient to provide the prison with enough
7    information to put prison officials on even broad notice about plaintiff's claim. Sapp, 623 F.3d at
8    824.

9    Given the above, plaintiff's grievance would not put the prison on notice that the wrong
10   that plaintiff sought to address was defendant Krause's refusing plaintiff's request to
11   decontaminate himself and his cell.  As such, this grievance is insufficient to exhaust his claim.
12   Sapp, 623 F.3d at 824.

### B.  Second and Third Level Appeals

14   Even if plaintiff's initial grievance was sufficient, plaintiff's subsequent appeals fail to
15   completely exhaust plaintiff's administrative options as to this claim.  To properly exhaust this
16   deliberate indifference claim, plaintiff must have submitted an inmate appeal regarding this claim
17   and obtained a third level decision prior to July 6, 2017, the date he filed this action.  Woodford,
18   548 U.S. at 85-86; McKinney, 311 F.3d at 1199–1201.  Administrative remedies that are not
19   exhausted at all three levels of review may not be considered appropriately exhausted.  Cal. Code
20   Regs. tit. 15, §§ 3084.1(b) ("Administrative remedies shall not be considered exhausted relative
21   to any new issue . . . later named by the appellant that was not included in the originally
22   submitted CDCR Form 602 . . . and addressed through all required levels of administrative review
23   up to an including the third level.").  See also Brazier v. Beard, 1:13-cv-00787-LJO-BMK, 2017
24   WL 202036, *3 (E.D. Cal. Jan. 17, 2017) (plaintiff did not raise claim until third level of review
25   and therefore the court recommended dismissal).  So, while "[a]n [administrative] appeal need not
26   lay out the facts, articulate legal theories, or demand particular relief[,]" Schultz v. Cal. Dept. of
27   Corr., No. 1:11–cv–00988–LJO–MJS, 2013 WL 5883677, *2 (E.D. Cal. Oct. 30, 2013), all issues
28   still must be raised at all levels of review in order to be considered exhausted by the courts.

Here, plaintiff's second and third level appeals fail to raise plaintiff's claim regarding plaintiff's refusal to permit plaintiff to decontaminate himself and his cell. In its entirety, plaintiff's request for a second level review states:

> I am dissatisfied with first level response. This prisoner stated this prisoner states that T. Krause, correctional officer was deliberate indifference disregard to human live. [sic] Not negligently and institutional policy of the department was violated [sic] as well as many violation [sic] of the Coleman decision in which this prison fail to uphold. I was not involved in the incident. I was lock in my assigned cell. No way I should have been exposed to (OC). Someone have to be held accountable for their action!

(ECF No. 48-2 at 10; ECF No. 49 at 11.) Plaintiff's request for third level of review states the following:

> I am dissatisfied with second level response. I request a third level decision. I have been subject to cruel and unusual punishment by way of chemical agents. I was not in the day room. However, I was locked behind a cell door. No way I should have been exposed to any type of chemicals. I request two hundred thousand dollars for my rights being violated.

(ECF No. 48-2 at 25; ECF No. 49 at 11.)

Plaintiff does not raise or even reference the issue of decontamination in either request. Instead, plaintiff's appeals focus on the usage of the expulsion grenade. Even if plaintiff's initial grievance was sufficient, he failed to address his present claim at the second and third level of appeal. As such, plaintiff has failed to exhaust as he was required to present his claim at all levels of administrative review. See Schultz, 2013 WL 5883677, *2.

### C. Exhaustion of Plaintiff's Claims

As stated above, plaintiff failed to exhaust his claims at all levels. His initial grievance did not provide the prison with any indication that defendant Krause was involved in plaintiff's inability to decontaminate. Further, his second and third level appeals fail to raise his claims regarding decontamination at all. Though plaintiff argues that his claims should be considered exhausted because he stated in his grievance and appeals that prison policy was violated (See ECF No. 49 at 1, 3, 6), these broad statements are simply not sufficient to satisfy the exhaustion

////

requirements plaintiff was under.  See Cal. Code Regs. tit. 15, § 3084.2(a).  Accordingly, it will be recommended that defendant's motion for summary judgment be granted.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that defendant's motion for summary judgment (ECF No. 48) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 22, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/R/robe1426.msj.fr